J-S40008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR SANTIAGO | : | |
| | : | |
| Appellant | : | No. 400 EDA 2023 |

Appeal from the PCRA Order Entered February 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0236521-1989

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 26, 2024**

Appellant Victor Santiago (a/k/a Jorge Cintron)[1] appeals *pro se* from the order dismissing as untimely his seventh petition under the Post-Conviction Relief Act[2] (PCRA). Appellant argues that the PCRA court erred in concluding that he failed to satisfy an exception to the PCRA time bar and raises claims of prosecutorial misconduct. We affirm.

The underlying facts of this matter are well known to the parties. ***See Commonwealth v. Jorge Cintron a/k/a Victor Santiago***, 2798

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant is also known as Jorge Cintron, and the record reflects dispositions under both names. ***See***, ***e.g.***, ***Commonwealth v. Jorge Cintron a/k/a Victor Santiago,*** 995 A.2d 351 (Pa. 2010); ***Commonwealth v. Jorge Cintron a/k/a Victor Santiago***, 4944 Philadelphia 1997, at 1-2 (Pa. Super. filed Apr. 1, 1999) (unpublished mem.); PCRA Ct. Order, 2/3/23.

[2] 42 Pa.C.S. §§ 9541-9546.

Philadelphia 1991, at 1-2 (Pa. Super. filed Aug. 14, 1992) (unpublished mem.). Briefly, a jury convicted Appellant of first-degree murder and related offenses after the 1988 shooting death of Carlos Baldajil. On August 28, 1991, the trial court sentenced Appellant to an aggregate term of life imprisonment. *See id.*

Appellant filed a timely direct appeal. On August 14, 1992, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allocatur on August 25, 1993. *See id.*, *allocatur denied*, 631 A.2d 1003 (Pa. 1993). Between 1997 and 2017, Appellant filed six PCRA petitions, all of which were ultimately denied.[3]

_____

[3] Appellant filed his first PCRA petition on January 14, 1997, and the PCRA court dismissed the petition on October 29, 1997. Appellant filed an appeal, and this Court affirmed the order dismissing Appellant's first PCRA petition on April 1, 1999. *Commonwealth v. Cintron*, 4944 Philadelphia 1997, at 1-2 (Pa. Super. filed Apr. 1, 1999) (unpublished memorandum). Appellant filed a second PCRA petition on August 5, 2003. The PCRA court dismissed Appellant's petition, and Appellant filed an appeal. This Court affirmed the PCRA court's order on June 30, 2004. *See Commonwealth v. Cintron*, 2865 EDA 2003 (Pa. Super. filed June 30, 2004) (unpublished memorandum). Appellant filed a third PCRA petition on March 5, 2008, and the PCRA court dismissed the petition. On appeal, this Court affirmed the PCRA court's order, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Cintron*, 3062 EDA 2008 (Pa. Super. filed Sept. 23, 2009) (unpublished memorandum), *appeal denied* 995 A.2d 351 (Pa. 2010).

Thereafter, Appellant filed a fourth PCRA petition, which the PCRA court dismissed. On appeal, this Court affirmed the PCRA court's order, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Santiago*, 1241 EDA 2011 (Pa. Super. filed Feb. 3, 2012) (unpublished memorandum), *appeal denied*, 51 A.3d 838 (Pa. 2012). On September 12, 2012, Appellant filed his fifth PCRA petition. The PCRA court dismissed the
*(Footnote Continued Next Page)*

On March 4, 2020, Appellant filed the instant PCRA petition, his seventh. Appellant subsequently filed an amended PCRA petition, and on February 3, 2023, the PCRA court filed an order and opinion dismissing Appellant's petition as untimely. This timely appeal followed.[4]

On appeal, Appellant presents the following issue:

> Whether the PCRA court erred without ruling whether or not in dismissing [Appellant's] PCRA petition, which contained a **Brady**[5] violation, perjury, hearsay, and abuse of discretion by trial judge Lynn Abraham and prosecutorial misconduct by ADA Roger King.

Appellants' Brief at 4.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

---

petition on April 2, 2013. On May 18, 2017, Appellant filed his sixth PCRA petition. The PCRA court dismissed the petition on July 12, 2019.

[4] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal.

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17; *see also* 42 Pa.C.S. § 9545(b)(3).[6]

---

[6] We note that effective January 16, 1996, the PCRA was amended to require petitioners to file any PCRA petition within one year from the date their judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace proviso permitted a first PCRA petition to be filed by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa. Super. 1997) (explaining application of PCRA timeliness proviso). Here, Appellant's instant PCRA petition is his seventh, and the grace period does not apply. However, even if the grace period applied, Appellant's instant PCRA petition, which was filed on March 4, 2020, would still be more than twenty years late. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 n.2 (Pa. 2010) (explaining that the 1995 amendments to the PCRA provided that a petitioner whose judgment of sentence became final on or before January 16, 1996, had a one-year grace period or until January 16, 1997, to file a first PCRA petition).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[7] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Albrecht**, 994 A.2d at 1094 (citations omitted and some formatting altered).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the

_____

[7] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that "the petitioner take reasonable steps to protect his own interests." ***Id.*** (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id.*** Further, the newly-discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying an underlying after-discovered evidence claim. ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020).

Our Supreme Court has repeatedly stated that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in [Section] 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017). For purposes of the timeliness exception, "the majority of our Supreme Court believes that while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018) (citation omitted).

Here, as noted previously, this Court affirmed Appellant's judgment of sentence on direct appeal on August 14, 1992, and our Supreme Court denied allocatur on August 25, 1993. ***See Cintron***, 2798 Philadelphia 1991, *allocatur denied*, 631 A.2d 1003 (Pa. 1993). Therefore, Appellant's instant petition, filed on March 4, 2020, is facially untimely. ***See*** 42 Pa.C.S. § 9545(b)(1).

Appellant asserts that he met the newly-discovered fact exception to the PCRA time bar. *See* Appellant's Brief at 7-9.[8] Specifically, Appellant claims that he learned of newspaper articles reporting that the prosecutor in his case, ADA Roger King, had engaged in prosecutorial misconduct in other unrelated cases. *See id.* at 9-13. Appellant contends that the newspaper articles were published between January of 2018 and May of 2021, and Appellant filed his PCRA petition on March 4, 2020, within one year of learning of the first article on March 18, 2019. *See id.* at 8-9.

The PCRA court explained that Appellant's reference to the newspaper articles is speculation and concluded that Appellant failed to provide any evidence connecting the conduct reported in the articles to his case. *See* PCRA Ct. Op., 2/3/23, at 2 (unpaginated). The PCRA court further stated:

> While the articles do discuss allegations of prosecutorial misconduct on the part of ADA King, his purported dereliction mentioned occurred in an unrelated case to that of [Appellant]. The articles do not specifically cite any admissions or conclusive findings of wrong-doing by ADA King that may be linked to [Appellant's] case[.]

*Id.*

---

[8] We note that Appellant also refers to the government-interference exception to the PCRA time bar under Section 9545(b)(1)(i). *See* Appellant's Brief at 13. However, Appellant fails to develop or support this assertion. Accordingly, we conclude that this issue is waived. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (explaining that this Court will not consider issues that are not fully developed in the appellant's brief).

After review, we conclude that Appellant failed to establish the newly-discovered fact exception.[9] ***See Sandusky***, 203 A.3d at 1043. Although the timeliness exception set forth in Section 9545(b)(1)(ii) does not require a "'direct connection' between the newly-discovered facts and the claims asserted by a petitioner," there must be "some relationship between the two." ***See Shannon***, 184 A.3d at 1017. Here, Appellant did not establish any connection or explain how the "new facts," which consisted of newspaper articles reporting prosecutorial misconduct in unrelated cases, impacted or were related to Appellant's case. ***See id.*** Accordingly, because Appellant did not demonstrate a connection between the alleged newly-discovered facts and the issues in this case, he has not satisfied the newly-discovered fact exception to the PCRA time bar. ***See id.***

---

[9] In reaching this conclusion, we reiterate that the newly-discovered fact timeliness exception at Section 9545(b)(1)(ii) "is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." ***Burton***, 158 A.3d at 629. Here, the PCRA court cited to ***Commonwealth v. Castro***, 93 A.3d 818, 825 (Pa. 2014), as support for its conclusion that Appellant failed to meet the newly-discovered fact exception. ***See*** PCRA Ct. Op. at 2. However, we note that the ***Castro*** Court addressed whether a defendant had met the four-part after-discovered evidence test in the context of a timely filed post-sentence motion for a new trial. ***See Castro***, 93 A.3d at 825. Therefore, although we agree with the PCRA court's conclusion that Appellant failed to meet the newly-discovered fact exception, we do so for different reasons. ***See Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010) (reiterating that this Court may affirm a lower court's ruling on any basis).

On this record, we conclude that the PCRA court properly dismissed Appellant's seventh PCRA petition as untimely.[10]  Accordingly, we affirm the PCRA court's order.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/26/2024

---

[10] We note that because Appellant failed to satisfy his burden to prove an exception to the PCRA time bar, we do not have jurisdiction to review his substantive claims involving alleged prosecutorial misconduct.  **See**, **e.g.**, **Ballance**, 203 A.3d at 1031.